**In re OLD SOUTH COORS, INC., Debtor.**

**Bankruptcy No. E83–10018.**

United States Bankruptcy Court, N.D. Mississippi.

Jan. 18, 1983.

Earle D. Bellamy, II and Edward A. Walters, Bradley, Campbell & Carney, Golden, Colo., for Adolph Coors Co.

Frank W. Trapp, Walker W. Jones, III, Jones, Mockbee & Bass, Jackson, Miss., for both debtor corporations.

DeWitt Hicks, Columbus, Miss., for Merchants & Farmers Bank.

W. Reed Hillen, III, Tupelo, Miss., for Bank of Mississippi.

W. Dean Belk, Indianola, Miss., for Planters Bank & Trust Co.

Stephen L. Thomas, Mansour & Thomas, Greenville, Miss., for Bank of Longview, South Delta Imp., Inc. and Charles A. Moak.

Frank O. Crosthwait, Jr., Indianola, Miss., for Peoples Bank.

Douglas J. Smith, Jr., Greenville, Miss., for Unsecured Creditors' Committee of Old South Coors, Inc.

Jerry Hill, Longview, Tex., for East Texas Bank.

William C. Hammack, Meridian, Miss., Personal Atty. for Ben Brewer, President of both debtor corporations.

## MEMORANDUM OPINION

EUGENE J. RAPHAEL, Bankruptcy Judge.

On January 18, 1983, debtor filed its voluntary petition under chapter 11 of the 1978 Bankruptcy Code. On February 1, 1983, debtor filed its statement of financial affairs and schedules.

This case is before the court on motion of the debtor-in-possession filed on February 18, 1983, seeking the court's approval of the assumption by debtor-in-possession of the debtor's executory distributorship agreement with the Adolph Coors Company to distribute Coors beer in Northeast Mississippi and on the motion of debtor-in-possession filed on February 11, 1983, for court approval of its proposed assignments of said executory distributorship agreement rights to certain proposed assignees. Said motions were consolidated for a hearing which commenced on February 25, 1983, was recessed until March 1, 1983, and was concluded on the latter date. The court reserved its decisions on said motion, but now addresses the merits of said motions on a consolidated basis.

The evidence indicated that debtor and the Adolph Coors Company had done business with each other under a written distributorship agreement which included, inter alia, a clause reading as follows:

## SALE OF DISTRIBUTORSHIP

The distributorship may be sold on terms mutually agreeable to the buying and selling parties, provided Coors has given its approval of the new owner in writing. Coors shall have complete discretion to approve or disapprove such prospective purchaser on grounds sufficient in Coors' sole judgment. Coors specifically shall have the right to disapprove the prospective buyer if in Coors' judgment the terms of sale of the distributorship between the seller and prospective buyer are such that the prospective buyer does not have a reasonable opportunity to make a financial success of the distributorship. No sale shall be completed until all accounts between the seller and Coors have been settled and a complete, absolute, mutual release executed and delivered to the said parties.

When the petition was filed herein, debtor was indebted to the Adolph Coors Company for unpaid purchases of beer in an amount approximating $162,908.30. At the time of said February 25, 1983, hearing debtor-in-possession had an ostensible credit balance of at or about $12,800.00, subject only to certain documentation and minor adjustments.

There are in evidence on these motions proposed assignments of the aforementioned executory distributorship agreement, under language allocating certain counties in Northeast Mississippi to each proposed assignee, whereby the territory heretofore served by debtor or debtor-in-possession may be served in the future by the proposed assignees.

Suffice it to say without great elaboration that each and every one of the proposed assignees who have executed such proposed assignments of distributorship rights is a long-established beer wholesaler of certain other brands of beer, enjoys extremely favorable financial and credit standing in the business and banking community, and stands ready, willing and able to exert its utmost efforts to exploit Coors sales in the same highly profitable manner as has been enjoyed by each such assignee and the subject brewery as to each of the other brands of beer distributed by such assignee. Indeed, the record indicates that the Adolph Coors Company itself has found each of such proposed assignees to be entirely acceptable to it as a Coors distributor.

The Adolph Coors Company has objected to the amounts of consideration proposed to be paid under each proposed assignment as being too much money. It suggests that such factor will impair the viability of the business enterprise conducted by each such assignee. It insists that it has the contractual right to veto each of the proposed assignments. It maintains that there is no adequate assurance of future performance by the assignees.

■ The Adolph Coors Company contends that the provision requiring approval of the new owner in writing by the Adolph Coors Company, supra, confers on the Adolph Coors Company the absolute right, in its discretion, to disapprove the proposed assignments herein. The Adolph Coors Company contends that this court is powerless to negate the provision of said distributorship agreement conferring such absolute power on the Adolph Coors Company.

11 U.S.C. section 365(f)(3) reads as follows:

"Notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law that terminates or modifies, or permits a party other than the debtor to terminate or modify, such contract or lease or a right or obligation under such contract or lease on account of an assignment of such contract or lease, such contract, lease, right, or obligation may not be terminated or modified under such provision because of the assumption or assignment of such contract or lease by the trustee."

That statutory provision was construed in the case of *In re Pioneer Ford Sales, Inc.*, 26 B.R. 116 (Bkrtcy.R.I., 1983), rendered by the United States Bankruptcy Court for the District of Rhode Island to confer on the Bankruptcy Court the power to permit an assignment of an automobile dealership franchise notwithstanding the objection of the franchisor under language in the franchise agreement similar to the aforementioned restrictive language found in the Coors distributorship agreement.

It appears unquestionable that the Bankruptcy Court has such power to negate such a restriction under 11 U.S.C. section 365(f)(3).

■ There appears to be no valid argument by the Adolph Coors Company that the operation of each distributorship by the proposed assignees thereof will not provide adequate assurance of future performance within the meaning of 11 U.S.C. section 365(f)(2), which reads as follows:

"(2) The trustee may assign an executory contract or unexpired lease of the debtor only if—

(A) the trustee assumes such contract or lease in accordance with the provisions of this section; and

(B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease."

The aforementioned descriptions of the long and successful business experience and financial strength of each proposed assignee convince this court that the prospects for successful future business enterprise by each assignee meet all reasonable standards of adequate assurance of future performance by each such assignee.

Accordingly, this court is of the opinion that movant debtor-in-possession has sustained its burden of proof as to the subject consolidated motions and that movant debtor-in-possession is entitled to the relief sought by each of said motions. An appropriate order will be entered.